IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.                           Case Nos.:    4:23cr6/AW/MAL
                                                         4:24cv417/AW/MAL

KESHAWN ROBINSON

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's submission titled "Petitioner's successive § 2255 motion seeking expedited review and emergency relief to vacate, set aside or correct sentence." ECF No. 78. While the motion is labeled "successive," it is the first post-conviction motion Defendant has filed. Defendant raises multiple grounds of ineffective assistance of counsel in the handwritten, but unsigned, motion. While Defendant would ordinarily be required to amend his § 2255 motion on the proper court form, this motion should be dismissed without prejudice as premature due to the pendency of Defendant's direct appeal.

The record reflects that Defendant's notice of appeal was filed on January 25, 2024 (ECF No. 54), and his appeal, Eleventh Circuit Case 24-10262, remains pending. Thus, his judgment and conviction are not final, and this court lacks

jurisdiction to consider and rule on the § 2255 motion, or to "take any action with regard to the matter except in aid of the appeal." *United States v. Diveroli*, 729 F. 3d 1339, 1342 (11th Cir. 2013) (citation omitted); *United States v. Dunham*, 240 F.3d 1328, 1329-30 (11th Cir. 2001); *United States v. Khoury*, 901 F. 2d 975, 976 (11th Cir. 1990); *Blair v. United States,* 527 F. App'x 838, 839 (11th Cir. 2013) ("[i]n the absence of extraordinary circumstances, a district court does not have jurisdiction to consider or rule on a § 2255 motion during the pendency of a direct appeal of the underlying criminal conviction or sentence."); *Welsh v. United States*, 404 F.2d 333 (5th Cir. 1968) ("[a] motion to vacate sentence under 28 U.S.C. § 2255 will not be entertained during the pendency of a direct appeal, inasmuch as the disposition of the appeal may render the motion moot."). The proper course of action for addressing a § 2255 motion or other request for post-conviction relief filed during the pendency of the direct appeal is to dismiss the § 2255 action without prejudice. *See Dunham*, 240 F.3d at 1330. Therefore, the instant motion should be dismissed without prejudice to refiling, if appropriate, after the direct appeal has concluded.[1]

Accordingly, it is respectfully RECOMMENDED:

---

[1] Defendant is advised that dismissal of the instant motion **will not** prevent him from later seeking collateral review if his direct appeal is unsuccessful. He will be constrained only by the limitations period set forth in 28 U.S.C. § 2255.

The motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, ECF No. 78, be **DISMISSED without prejudice.**

Done this 16th day of October, 2024.

                                                 s/ *Midori A. Lowry*
                                                 Midori A. Lowry
                                                 United States Magistrate Judge

## **NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.